UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DR. RICHARD A. KAMINSKY, D.O., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CV-1213 (JCH) |
| | ) | |
| STATE OF MISSOURI, STATE BOARD | ) | |
| OF REGISTRATION FOR HEALING ARTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant St. Louis Post-Dispatch LLC's ("Post-Dispatch") Motion to Dismiss (Doc. No. 9), filed on June 22, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

On June 13, 2003, the Post-Dispatch, the largest newspaper in the St. Louis metro area, ran a story discussing Plaintiff's medical and legal problems. (Mot. to Dismiss, Doc. No. 9). Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" on May 30, 2007 in the Circuit Court for the County of St. Louis. Missouri. (Compl., Doc. No. 1). For purposes of this motion, the only relevant allegation is that the Post-Dispatch "is also libel for running an article with my photograph, outlining my legal problems, board problems and then pending legal problems in Missouri." (Compl., Doc. No. 1 pg. 25). In its Motion to Dismiss, the Post-Dispatch alleges that Plaintiff's claim is barred by the statute of limitations. (Id.).

Plaintiff responds that the statute of limitations has yet run, and that he states a claim for "injurious falsehood."(Resp., Doc. No. 38).

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

Missouri law provides a two year statute of limitations for libel actions. Mo. Rev. Stat. § 516.140. Under Missouri law, a libel action accrues at the time of an allegedly libelous statement's publication, even if the plaintiff was unaware of its publication. White v. Fawcett Publ'ns, 324 F. Supp. 403, 404-05 (W.D. Mo. 1971); Brown v. Chicago, Rock Island & Pac. R.R. Co., 212 F. Supp. 832, 836 (W.D. Mo. 1963), aff'd, 323 F.2d 420 (8th Cir. 1963). Here, publication occurred on June 13, 2003, meaning Plaintiff had until June 13, 2005 to file a libel claim against the Post-Dispatch. Plaintiff did not file this claim until May 30, 2007. As such, it appears that the § 516.140 bars Plaintiff's libel claim against the Post-Dispatch.

Plaintiff asserts that this reasoning is flawed because his damages were not ascertainable until recently. To support this assertion, he cites Kennedy v. Microsurgery & Brain Research Inst., 18 S.W.3d 39 (Mo. Ct. App. 2000). Kennedy held that a cause of action "shall be deemed to accrue when the damage resulting therefrom is sustained and is capable of ascertainment." Kennedy, 18 S.W.3d at 42-43 (quoting Mo. Rev. Stat. § 516.100) (emphasis in original). It also held that a statute of limitations is tolled when factors outside of the plaintiff's control, such as the concealment of a libelous letter by defendant, prevent his ascertainment of any legal wrong. Id. Here, nothing prevented Plaintiff from ascertaining that the Post-Dispatch had published an article about him. Thus, Plaintiff's damages were capable of ascertainment on June 13, 2003.

Finally, Plaintiff asserts that his claim is actually one for injurious falsehood. Notably, an injurious falsehood claim has a five year statute of limitations. State ex rel. BP Prods. N. Am. Inc. v. Ross, 163 S.W.3d 922, 927 (Mo. 2007). Even assuming that Plaintiff asserts a cause of action for injurious falsehood, the Court would still dismiss Plaintiff's claim. One element of an injurious falsehood claim is that the defendant either knew that the statement it published was false or acted with reckless disregard of the statement's truth or falsity. Id. at 928 (citing Annbar Assocs. v. Am. Express Co., 565 S.W.2d 701, 706 (Mo. Ct. App. 1978)). Plaintiff has not alleged that the June 13, 2003 article was false or that the Post-Dispatch acted with reckless disregard about the article's truth or falsity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis Post-Dispatch LLC's Motion to Dismiss (Doc. No. 9) is **GRANTED** and Plaintiff's claims against it are **DISMISSED** with prejudice.

Dated this 10th day of August, 2007.

                                               /s/ Jean C. Hamilton
                                               UNITED STATES DISTRICT JUDGE