UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD ANTHONY KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The matter is before the Court on Plaintiff's Motion to Seal (Doc. No. 47), filed August 2, 2007. The matter is fully briefed and ready for a decision.

In his motion to seal, Plaintiff alleges that his medical records should be sealed because they are protected by doctor-patient privilege. (Doc. No. 47 pg. 2). Additionally, he alleges that his criminal records should be sealed because his convictions were illegally obtained. (Id.). Defendants respond that Plaintiff waived any applicable privileges by attaching almost 600 pages of exhibits to the Complaint. (Doc. No. 60 pg. 2). Furthermore, Defendants respond that the public has an interest in learning whether the State of Missouri and the United States government conspired against Plaintiff. (Doc. No. 76). Finally, Defendants respond that the appropriate time to seal Plaintiff's criminal records would be after his action is successful. (Doc. No. 55).

Generally, courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Thus, there is "the presumption in favor of open records." Siedle v. Putnam Invest., Inc., 147 F.3d 7, 9 (1st Cir. 1998). Furthermore, only the "most compelling reasons" can justify non-disclosure of judicial records. In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005). The

right to inspect record, however, is not absolute, and the Court has the discretion to seal court files which might have become a vehicle for improper purposes. See In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2007).

Upon consideration, the Court will deny Plaintiff's request to seal this case. First, Plaintiff's claims that his medical records are privileged are unfounded because, by filing this suit, he has waived that privilege. See Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Moreover, the fact that Plaintiff attached his entire medical and criminal record to the Complaint undermines his contention that the documents must be sealed. Neither this Court nor the Missouri courts require a party to file discovery simultaneously with the Complaint. See Fed. R. Civ. P. 8(a) (stating the pleadings must contain "a short and plain statement of the claim"); Mo. Rule. 55.05 (stating that a claim shall contain "a short and plain statement of the facts showing that the pleader is entitled to relief ... .").

The public also has an interest in this case not being sealed. Plaintiff has alleged that the State of Missouri and the United States of America have engaged in egregiously inappropriate behavior. If that is the case, the public has a compelling interest in being able to learn about it. Finally, Plaintiff has not shown that the documents he attached to his Complaint have been put to improper use. As such, the Court will deny his motion to seal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal (Doc. No. 47) is **DENIED**. Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE