UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD KAMINKSY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Forest Park Hospital's ("Hospital") Motion to Dismiss (Doc. No. 19), filed July 24, 2007. Plaintiff has filed a response. (Doc. No. 67).

Plaintiff's claims center on the events surrounding the loss of his medical license. (Compl., Doc. No. 1-1). Specifically, Plaintiff alleges that Defendants[1] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pg. 11-12). He alleges that a woman named Leann Lisa Ross is the driving force behind this conspiracy. (Id. at pg. 11). He alleges that Defendants forced him to involuntarily plead guilty to a crime by using the "mind-controlling drug, Resperidol" on him. (Id. at pg. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for taking away his medical license. (Id. at pg. 5).

---

[1] Plaintiff named the following as Defendants: the Missouri Board of Registration for the Healing Arts; Missouri Physicians Health Program; the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Administration ("DEA"); the St. Louis County Prosecuting Attorney's Office; St. Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and the Missouri Department of Health and Senior Services. (Compl., Doc. No. 1-1).

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the County of St. Louis, Missouri. (Id.). The Complaint alleges that the Hospital "illegally released Plaintiff's employment records without authorization" to the Missouri State Board of Registration for the Healing Arts ("Board"). (Compl., Doc. No. 1-1 pg. 39). The Board sent a subpoena to the Hospital on December 16, 2002 requesting "any and all documentation pertaining to the November 1, 2002, dismissal" of Plaintiff. (Mot. to Dismiss, Doc. No. 19 Ex. 2). Plaintiff attached this document to his Complaint. (Id. at pg. 3). Additionally, he alleges that "Mr. Rose, an employee of Forest Park Hospital," trespassed on his property in Illinois on October 31, 2002. (Compl., Doc. No. 1-1 pg. 39).

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). The Hospital filed its motion to dismiss on July 24, 2007 alleging that it is immune from liability for releasing his records, that the Court lacks jurisdiction over Plaintiff's criminal trespass claim, and that Plaintiff fails to state a civil trespass claim. (Doc. No. 19).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the

Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. Release of Plaintiff's Employment Records

The Hospital alleges that it cannot be held liable for releasing Plaintiff's employment records because it did so pursuant to a subpoena issued by the Board. Plaintiff responds that the subpoena was invalid because a judge did not sign it.[2]

Missouri law provides that:

> Any person who reports or provides information to the board, or any person who assists the board ... in the course of any investigation, hearing or other proceeding conducted by or before the board pursuant to the provisions of this chapter and who does so in good faith and without malice shall not be subject to an action for civil damages as a result thereof, and no cause of action shall arise against him or her as a result of his or her conduct pursuant to this section.

Mo. Rev. Stat. § 334.128. Furthermore, the president of the Board has the power to "subpoena witnesses, issue subpoenas duces tecum and require the production of documents and records." Mo. Rev. Stat. § 334.127.1.

Upon consideration, the Hospital cannot be held liable for releasing Plaintiff's medical records because it received a subpoena signed by the Board's president asking for information related to an investigation by the Board. (Mot. to Dismiss, Doc. No. 19 Ex. C). As such, this claim will be dismissed.

### III. Civil Trespass Claim

---

[2]He also asserts that the Hospital inappropriately released his records to the defendants in Kaminsky v. Saint Louis University School of Medicine, No. 4:05-CV-1112 (CDP). This claim is meritless. (No. 4:05-CV-1112 (CDP), Order of March 10, 2006, Doc. No. 79).

Plaintiff alleges that Doug Rose ("Rose"), the security supervisor at the Hospital, trespassed on his property on October 31, 2002 in order to deliver a notice of termination. (Resp., Doc. No. 67 pg. 2). The Hospital asserts that this allegation fails to state a claim against it.

Trespass is "an invasion of the interest in the exclusive possession of land" and is an intentional tort. Peoples Gas Light & Coke Co. v. Joel Kennedy Constructing Corp., 829 N.E.2d 866, 945-46 (Ill. App. Ct. 2005). Furthermore, one can be liable in trespass for causing a third party to enter the land of another. Livers v. Wu, 6 F. Supp. 2d 921, 936 (N.D. Ill. 1998)(applying Illinois law). A person must know with a high degree of certainty that an intrusion will naturally flow from his actions before trespass liability attaches. Freese v. Buoy, 576 N.E.2d 1176, 1182 (Ill. Ct. App. 1991). A person is liable for an intentional intrusion on land irrespective of whether he causes harm to a legally protected interest. Livers, 6 F. Supp. 2d at 936.

Upon consideration, Plaintiff has stated a claim against the Hospital for trespass. Specifically, he alleged that he owns the land in question and that Rose intentionally intruded on it. Furthermore, he alleged that Rose was there to deliver a notice of termination regarding Plaintiff's employment at the Hospital. A reasonable inference is that the Hospital sent Rose to Plaintiff's house knowing that a trespass would likely occur. As such, the Court will not dismiss this claim.

### III. Criminal Trespass Claim

Finally, Plaintiff apparently alleges a criminal trespass claim against the Hospital. Federal district courts only have jurisdiction over criminal cases arising under the criminal laws of the United States. See United States v. Hudson, 11 U.S. (7 Cranch) 32 (1812) (holding federal courts have no jurisdiction to try criminal charges based on the common law and all federal crimes must be based on a statute of Congress). There is no applicable trespass law in the United States Code. Moreover, trespass is the epitome of a common law action. See Blackstone's Commentaries on the Law, pg.

558-59 (Gavit ed. 1941). As such, to the extent Plaintiff raises a criminal trespass claim, the Court has no jurisdiction over it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Forest Park Hospital's Motion to Dismiss (Doc. No. 19) is **GRANTED** in part and **DENIED** in part.

Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE