UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant Saint Louis University School of Medicine's ("SLU") Motion to Dismiss (Doc. No. 18), filed July 20, 2007. The matter is fully briefed and ready for a decision.

Plaintiff's claims center on the events surrounding the loss of his medical license. (Compl., Doc. No. 1-1). Specifically, Plaintiff alleges that Defendants[1] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pg. 11-12). He alleges that a woman named Leann Lisa Ross is the driving force behind this conspiracy. (Id. at pg. 11). He alleges that Defendants forced him to involuntarily plead guilty to a crime by using the "mind-controlling

---

[1]Plaintiff named the following as Defendants: the Missouri Board of Registration for the Healing Arts; Missouri Physicians Health Program; the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Administration ("DEA"); the St. Louis County Prosecuting Attorney's Office; SLU; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and the Missouri Department of Health and Senior Services ("MHSS"). (Compl., Doc. No. 1-1).

- 1 -

drug, Resperidol" on him. (Id. at pg. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for taking away his medical license. (Id. at pg. 5).

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the County of St. Louis, Missouri. (Id.).[2] In his Complaint, Plaintiff alleges that SLU created a "hostile, discriminatory work environment" for him. (Id. at pg. 14). He further alleges that SLU's discriminatory behavior prevented him from completing his pathology residency. (Id.). He also alleges that SLU was part of a "conspiracy and collusion with listed co-Defendants to destroy Plaintiff and Plaintiff's medical career ... ." (Resp., Doc. No. 70 pg. 7).

Plaintiff previously filed suit against SLU for employment discrimination in July 2005. (Kaminsky v. Saint Louis University School of Medicine, No. 4:05-CV-1112 (CDP) ("Kaminsky I"), Compl., Doc. No. 1). Plaintiff alleged that this discrimination occurred between January 1, 2000 and January 2006. (Id., Am. Compl., Doc. No. 57 ¶ 2). In Kaminsky I, the district court granted SLU's motion for summary judgment after finding that SLU's reasons for terminating Plaintiff's employment were not a pretext for racial or religious discrimination. (Kaminsky I, Order of August 16, 2006, Doc. No. 129 pg. 2).[3] The summary judgment order contained a detailed recitation of the events occurring between 2000 and 2005. These events included the following: his dismissal from SLU in October 2001; his January 2002 censure by the MHSS' Bureau of Narcotics and Dangerous Drugs for self-prescribing a controlled substance; his employment, and dismissal, by Forest Park Hospital in 2002; his December 2002 arrest in St. Clair County, Illinois; his involuntary confinement in a mental health

---

[2] The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1).

[3] The Eighth Circuit affirmed this decision. (Kaminsky I, Judgment of United States Court of Appeals for the Eighth Circuit, Doc. No. 144).

facility during 2003; the suspensions of his Missouri and Illinois medical licenses in 2003; his 2004 misdemeanor convictions in St. Louis County, Missouri; the probationary reinstatement of his Missouri medical license in October 2004; and his rejection from SLU's residency program in December 2004. (Id. at pg. 2-8).

In the present action, SLU filed a motion to dismiss alleging that the doctrines of res judicata and collateral estoppel bar Plaintiff's claims. (Mot. to Dismiss, Doc. No. 19). Plaintiff responds that Kaminsky I dealt with employment discrimination whereas the present cause of action relates to a conspiracy by Defendants to destroy his medical career. (Resp., Doc. No. 70).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. Res Judicata

As previously stated, SLU alleges that the doctrine of res judicata bars Plaintiff's claims against it. Plaintiff responds that Kaminsky I is not yet a final judgment because he will soon file a

certiorari petition with the United States Supreme Court. He also responds that Kaminsky I raised different claims than the present cause of action.

Res judicata, also known as claim preclusion, bars the same parties from relitigating the same cause of action. McNeill v. Franke, 84 F.3d 1010, 1012 (8th Cir. 1996).[4] The test for determining whether res judicata bars the litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits; and (3) whether the same cause of action and same parties were involved in both cases. Gurley v. Hunt, 287 F.3d 728, 731 (8th Cir. 2002). It is well established that "the pendency of an appeal does not diminish the res judicata effect of a judgment rendered by a federal court." In re Ewing, 852 F.2d 1057, 1060 (8th Cir. 1988).

Upon consideration, the doctrine of res judicata bars Plaintiff from relitigating his employment discrimination claims against SLU. Kaminsky I was decided by a court of competent jurisdiction because the district court had jurisdiction under 28 U.S.C. § 1331. Despite Plaintiff's contentions, the district court in Kaminsky I issued a final judgment based on the merits. In Kaminsky I, as in the present cause of action, Plaintiff sued for employment discrimination and SLU was a party. As such, Plaintiff's employment discrimination claims are barred.

**II.   Collateral Estoppel**

SLU also alleges that the doctrine of collateral estoppel prevents Plaintiff from stating a claim for civil conspiracy under Missouri law. A court considers four factors in determining whether to apply the doctrine of collateral estoppel:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a

---

[4]The Court applies the federal res judicata standard because a federal court issued the first judgment. See NAACP v. Metro. Council, 125 F.3d 1171, 1174 (8th Cir. 1997).

> judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc., 304 F.3d 804, 807 (8th Cir. 2002) (quoting James v. Paul, 49 S.W.3d 678, 682 (Mo. 2001).[5] Courts also considers whether the "determination in the prior action was essential to the judgment." Morse v. C.I.R., 419 F.3d 829, 834 (8th Cir. 2005) (internal quotations omitted).

Kaminsky I and the present cause of action raise identical fact issues. Specifically, both actions raise issues about the circumstances surrounding Plaintiff's employment at SLU and Forest Park Hospital, his various arrests, his mental health issues, and the loss of his medical licenses. (compare Kaminsky I, Order of August 16, 2006, Doc. No. 129 pg. 14-21, 23-27; with No. 4:07-CV-1213 (JCH), Compl., Doc. No. 1-1 pg. 5-30). As stated previously, Kaminksy I resulted in a final judgment on the merits. Additionally, Plaintiff was a party to Kaminsky I. Plaintiff had a "full and fair opportunity" in Kaminsky I to litigate these fact issues because the parties completed discovery. (Kaminsky I, Order of April 17, 2006, Doc. No. 83). Finally, the determination of these facts was "essential to the judgment" because SLU relied on them to show that they had a lawful reason for terminating Plaintiff and denying his residency application. As such, Plaintiff is estopped from arguing that SLU's involvement in any of the events discussed in Kaminsky I was "unlawful" because the district court found that it was not.

Finally, the Court must determine if this estoppel prevents Plaintiff from making a claim for civil conspiracy. A civil conspiracy requires (1) two or more persons; (2) with an unlawful objective;

---

[5] It is irrelevant whether this Court applies the Missouri or federal standard for collateral estoppel because both jurisdictions employ identical analyses. See Canady v. Allstate Ins. Co., 282 F.3d 1005, 1016 n. 7 (8th Cir. 2002).

(3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) plaintiff was thereby damaged. Saigh v. Saigh, 218 S.W.3d 556, 563 (Mo. Ct. App. 2007). Upon consideration, the facts determined in Kaminsky I estop Plaintiff from claiming that SLU's actions towards him had an unlawful objective or that SLU had a meeting of the minds with any other party. As such, Plaintiff's civil conspiracy claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Saint Louis University School of Medicine's Motion to Dismiss (Doc. No. 19) is **GRANTED** and Plaintiff's Claims against Saint Louis University School of Medicine are **DISMISSED**.

Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE