UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant Centers for Medicare and Medicaid Services' Motion to Dismiss (Doc. No. 84), filed August 30, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

Plaintiff's claims center on the events surrounding the loss of his medical licenses. (Compl., Doc. No. 1-1). Specifically, Plaintiff alleges that Defendants[1] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pg. 11-12). He alleges that a woman named Leann Lisa Ross is the driving force behind this conspiracy. (Id. at pg. 11). He alleges that Defendants forced him to involuntarily plead guilty to a crime by using the "mind-controlling

---

[1]Plaintiff named the following as Defendants: the Missouri Board of Registration for the Healing Arts; the Missouri Physicians Health Program; the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Administration ("DEA"); the St. Louis County Prosecuting Attorney's Office; Saint Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and the Missouri Department of Health and Senior Services. (Compl., Doc. No. 1-1).

drug, Resperidol" on him. (Id. at pg. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for suspending his medical licenses. (Id.).

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the County of St. Louis, Missouri. (Id.). The Complaint's lone reference to Defendant Centers for Medicare and Medicaid Services ("CMS") states:

> Although the Plaintiff has never had an [in]appropriate (sic) billing or adverse action with Centers for Medicare and Medicaid Services, his Medicare and Medicaid Personal Identification Numbers with CMS were suspended, in both Missouri and Illinois because Plaintiff's medical licenses were suspended. Therefore, Plaintiff requests full reinstatement with CMS in both Missouri and Illinois and for other damages deemed appropriate by law.

(Id. at pg. 36-37). Plaintiff further alleges that the deactivation of his Medicare provider identification number, which suspended his Medicare billing privileges, occurred because Illinois and Missouri suspended his medical licenses under false pretenses. (Resp., Doc. No. 89 pg. 2). He alleges that CMS colluded with its co-Defendants when it deactivated his billing privileges. (Id.). The Court interprets Plaintiff's accusations against CMS as alleging a claim for civil conspiracy and for failure to reinstate his billing privilegesr. CMS filed affidavits stating that it deactivated Plaintiff's billing privileges because he failed to submit any Medicare claims for over twelve months. (Memo. in Supp., Doc. No. 85 Ex. A ¶ 7, Ex. B. ¶ 8).

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). CMS filed its motion to dismiss on August 30, 2007 alleging that the Court does not have subject matter jurisdiction over Plaintiff's claim, and alternatively that Plaintiff fails to state a claim upon which relief can be granted. (Doc. No. 84). Plaintiff responds that he has stated a claim and that subject matter jurisdiction exists because he is excepted from the exhaustion requirements.

## MOTION TO DISMISS STANDARDS

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it; however, dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). Dismissal is proper when a facial attack on the Plaintiff's Complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. Id.

The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss. Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. Plaintiff's Claim to Reactivate his Medicare Billing Privileges

CMS alleges that this Court does not have subject matter jurisdiction over Plaintiff's claims because he has not exhausted his administrative remedies. Plaintiff responds that the purposes of exhaustion would not be served by pursuing administrative remedies.

Medicare Part B, which provides supplementary medical insurance for the aged and disabled, employs a complex regulatory scheme to facilitate its orderly administration. This scheme requires that a physician furnishing services to be paid by Medicare Part B must have a provider identification number. 42 U.S.C. §§ 1395u(r), 1395w-4(k)(5). The relevant statute defines a physician as "a doctor of ... osteopathy legally authorized to practice medicine and surgery by the State in which he preforms such function or action." 42 U.S.C. § 1395x(r)(1). Similarly, CMS requires that a physician be in "[c]ompliance with Federal and State licensure" to keep his active enrollment status. 42 C.F.R. § 424.500(a)(2).

CMS deactivates a physician's Medicare billing privileges if he does not submit any Medicare claims for twelve consecutive months. Id. at § 424.540(a)(1). When a physician's failure to submit claims causes such a deactivation, he is "required to recertify that the enrollment information currently on file with Medicare is correct." Id. at § 424.540(b)(2). When reactivating his billing privileges, a physician must "meet all current Medicare requirements in place at the time of reactivation, and be prepared to submit a valid Medicare claim." Id.

Court are precluded from reviewing Medicare issues until a plaintiff exhausts his administrative remedies. Anderson v. Sullivan, 959 F.2d 690, 692-93 (8th Cir. 1992); see In Home Health, Inc. v. Shalala, 272 F.3d 554, 559 (8th Cir. 2001). Three exceptions to this requirement exist, and they are (1) the claim involves a legitimate constitutional claim; (2) irreparable harm would result from exhaustion; or (3) further administrative procedures would be futile. Id.

Upon consideration, the Court does not have subject matter jurisdiction over Plaintiff's claim that CMS must reactivate his Medicare billing privileges. CMS deactivated his billing privileges because he did not submit any claims for over a year. (Memo. in Supp., Doc. No. 85 Ex. A-B). The regulations state that reactivation is accomplished by contacting CMS and fulfilling the applicable

requirements. See 42 C.F.R § 424.540(b)(2). Plaintiff, however, admits that he has not "sought administrative process to reinstate" his billing privileges. (Resp. pg. 4). Thus, absent any exceptions, the Court does not have subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies.

Additionally, Plaintiff does not satisfy any of the exceptions to the exhaustion requirement. Specifically, the deactivation, without more, does not state a colorable constitutional claim. No irreparable harm will result from requiring him to exhaust his administrative remedies. Finally, the CMS administrative process is not futile because, so long as Plaintiff first has his state medical licenses reinstated, it will likely result in the reactivation of his billing privileges. As such, the Court does not have jurisdiction over Plaintiff's claim.[2]

## II. Plaintiff's Civil Conspiracy Claim

Plaintiff also alleges that CMS is part of a civil conspiracy to prevent him from practicing osteopathic medicine. In order to state a claim for civil conspiracy, Plaintiff must allege that (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby damaged. Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 780 (Mo. 1999).

Here, Plaintiff does not allege facts that could plausibly support a civil conspiracy claim against CMS. See Twombly, 127 S. Ct. at 1965 (facts in pleadings "must be enough to raise a right to relief above the speculative level."). Specifically, Plaintiff merely alleges that CMS deactivated his billing privileges because he was not licensed to practice medicine in the states of Missouri or Illinois.

---

[2]Even assuming that the Court has subject matter jurisdiction over Plaintiff's claim, he fails to state a claim upon which relief can be granted. Plaintiff admits that he is not presently in compliance with the state licensing requirements. As such, CMS could not legally reinstate his Medicare billing privileges. See 42 U.S.C. § 1395x(r)(1); 42 C.F.R. § 424.500(a)(2).

This allegation, even when construed liberally,[3] does not allege any facts to support a claim that CMS acted with an unlawful objective because state licensure is a requirement for Medicare billing privileges. See 42 U.S.C. § 1395x(r)(1). Thus, he cannot maintain a civil conspiracy claim against CMS.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CMS' Motion to Dismiss (Doc. No. 84) is **GRANTED** and Plaintiff's Claims against it are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant CMS' Motion to Incorporate by Reference (Doc. No. 93) is **GRANTED**.

Dated this 11th day of September, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3]Courts construe pro se complaints liberally. McDermott v. Royal, 123 Fed. Appx. 241, 242 (8th Cir. 2004).