UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF MISSOURI, STATE BOARD ) <br> OF REGISTRATION FOR THE HEALING ) <br> ARTS, et al., ) <br> ) <br> Defendants. ) | Case No. 4:07-CV-1213 (JCH) |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendants State of Missouri, Board of Registration for the Healing Arts ("Board"); State of Missouri, Department of Health & Senior Services ("Department of Health"); and Missouri Physicians Health Program's ("Program") (collectively "State Defendants") Motion to Dismiss Plaintiff's Revised Amended Complaint, filed September 15, 2007.[1] (Doc. No. 99).[2]

## BACKGROUND

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the

---

[1] In his Complaint, Plaintiff also names the State of Missouri, Bureau of Narcotics and Dangerous Drugs ("BNDD") as a Defendant. (Compl., Doc. No. 1-1 at p. 3). Although the BNDD is part of the Missouri state government, it is not one of the parties moving for dismissal. (Mot. to Dismiss, Doc. No. 99). As such, this Order does not reach the claims against it.

[2] This motion also incorporated by reference arguments contained in an earlier motion to dismiss. (Mot. to Dismiss, Doc. No. 31). As such, this motion addresses all of Plaintiff's claims against State Defendants.

- 1 -

County of St. Louis, Missouri. (Compl., Doc. No. 1-1). Plaintiff's claims center on the events surrounding the loss of his medical licenses. (Id.). Specifically, Plaintiff alleges that Defendants[3] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pp. 11-12). Apparently, a woman named Leann Lisa Ross heads this conspiracy. (Id. at p. 11). Plaintiff alleges that Defendants forced him to involuntarily plead guilty to a crime by using a "mind-controlling drug" on him. (Id. at p. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for suspending his medical licenses. (Id.).

Aside from these general allegations, the Complaint contains numerous allegations relating to State Defendants. First, he alleges that the Board improperly suspended his medical license and wrongfully refused to fully reinstate it. (Id. at pp. 5-6). He also alleges that the Board unlawfully ordered the Health Program to supervise him. (Id. at p. 27). Documents attached to the Complaint show that the Board's last relevant decision occurred in June 2006. (Attached Docs., Doc. No. 1-3 at pp. 2-18). He requests that the Court award him monetary damages and reinstate his Missouri medical license. (Compl., Doc. No. 1-1 at pp. 38-41). The Court interprets these allegations as attempting to state two claims: a civil conspiracy claim against State Defendants and a claim that the Board improperly refused to reinstate his medical license.

On September 7, 2007, Plaintiff filed his Revised Amended Complaint, which contained new causes of action against State Defendants and incorporated all of the allegations listed in the Complaint. (Doc. No. 91). In his Revised Amended Complaint, Plaintiff alleges that State Defendants violated 42 U.S.C. § 1985 (3), and its companion statute 42 U.S.C. § 1986, by partaking in a

---

[3]Plaintiff named the following as Defendants: the Board; the Program; the BNDD; the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Administration ("DEA"); the St. Louis County Prosecuting Attorney's Office; St. Louis County; Saint Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and the Department of Health. (Compl., Doc. No. 1-1).

conspiracy to deprive him of his First, Fifth, Sixth, and Fourteenth Amendment rights. (Revised Am. Compl., Doc. No. 92 at p. 2).

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). State Defendants filed their motion to dismiss on September 15, 2007. (Doc. No. 99). They assert that the Court cannot review the Board's actions because judicial review is time-barred. (Doc. No. 33). They also assert that the Eleventh Amendment prevents Plaintiff from recovering monetary damages. (Id.). Finally, they assert that Plaintiff fails to state claim for either a 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986 cause of action. (Doc. No. 99 ¶ 3-6).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

**I.  Judicial Review of the Board's Decision**

Plaintiff believes that the Board unlawfully denied his repeated requests for reinstatement of his Missouri medical license. The Board responds that Plaintiff is time-barred from seeking judicial review of these actions.

Although Missouri allows courts to review the actions of an agency, any cause of action seeking such review must be filed "within thirty days after the mailing or delivery of the notice of the agency's final decision." See Mo. Rev. Stat. §§ 536.100, 110.1.[4] Accordingly, failing to challenge a Board decision results in a physician being bound by it, even if it was improper. See Bodenhausen v. Mo. Bd. of Registration for the Healing Arts, 900 S.W.2d 621, 624 (Mo. Ct. App. 1995)

Upon consideration, judicial review of the Board's actions is time-barred. As previously stated, the Board's last relevant action occurred in June 2006. Plaintiff filed his Complaint on May 27, 2007. As such, he did not file his Complaint within thirty days, which precludes judicial review of the Board's decisions.

## II. Civil Conspiracy Claims

As previously stated, Plaintiff alleges that State Defendants are part of a civil conspiracy against him. In order to state a claim for civil conspiracy, Plaintiff must allege that (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) he was thereby damaged. Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 780 (Mo. 1999).

Here, Plaintiff does not allege facts that could plausibly support a civil conspiracy claim against State Defendants because he has not alleged facts showing a meeting of the minds. See

---

[4]For this thirty day time limit to apply, the case must be "contested." See Mo. Rev. Stat. § 536.010(2). This requirement is satisfied so long as there was the right to hearing before discipline could be imposed. See Bodenhausen, 900 S.W.2d at 624 (collecting authority to support this proposition). Plaintiff has filed documents showing that he had a right to a hearing before discipline could be imposed, making the thirty day limit applicable. (Attached Doc., Doc. No. 1-3 at p. 26).

Twombly, 127 S. Ct. at 1965 (facts in pleadings "must be enough to raise a right to relief above the speculative level."). Rather, he makes conclusory allegations against State Defendants. Moreover, he has not alleged facts showing that State Defendants acted with an unlawful objective. As such, his civil conspiracy claim against them fails.

### III.    42 U.S.C. § 1985(3) Claims

Plaintiff alleges that State Defendants violated federal law by partaking in a conspiracy to deprive him of his civil rights. (Revised Am. Compl., Doc. No. 91). Specifically, he alleges that the St. Louis County Sheriff and the DEA violated his First and Fifth Amendment rights by failing to read him his Miranda rights. (Id.). He alleges that the St. Louis County Prosecuting Attorney's Office violated his Sixth and Fourteenth Amendment rights by failing to give him a speedy trial. (Id. at pp. 2-3). Finally, he alleges that he was a victim of "reverse discrimination."(Id. at p. 3).

42 U.S.C. § 1985(3) proscribes both public and private conspiracies to a deprive person of his constitutionally protected civil rights. Griffin v. Breckenridge, 403 U.S. 88, 91 (1971). In order to make a viable claim under § 1985(3), a plaintiff must allege (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive him, either directly or indirectly, of his civil rights; (3) that a conspirator did act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to the person or property or the deprivation of a civil right. Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). To satisfy the conspiracy element, conclusory allegations will not suffice. Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992). Plaintiff must plead specific facts that show a "meeting of the minds" among the alleged conspirators. Id.; see also City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) (holding "the plaintiff must allege with particularity ... that the defendants reached an agreement.").

Upon consideration, Plaintiff has failed to plead facts showing a conspiracy existed. As discussed previously, his pleadings, even when construed liberally, failed to allege specific facts showing a meeting of the minds between State Defendants to engage in a conspiracy to violate his civil rights. Rather, the pleadings contain conclusory allegations and assertions about the impropriety of State Defendant's actions. See Snelling, 972 F.2d at 200 (stating conclusory allegations will not suffice); see also Stone v. Harry, 364 F.3d 914-15 (8th Cir. 2004) (holding that although the court construes pro se complaints liberally, it is not required to assume facts not alleged or to construct legal theory that assumes facts not pleaded). Because these allegations do not support a colorable conspiracy claim, Plaintiff's § 1985(3) claim fails.

**IV.    42 U.S.C. § 1986 Claims**

Plaintiff also alleges that State Defendants knew of the conspiracy against him and failed to prevent it. State Defendants respond that Plaintiff cannot state a claim under § 1986. Moreover, they assert that his § 1986 claim is time-barred.

42 U.S.C. § 1986, a companion statute to § 1985, allows an action against a party who knows that a § 1985 deprivation will occur, has the power to prevent it, and fails to do so. Rogers v. Mount Union Borough, 816 F. Supp. 308, 314 (M.D. Pa. 1993). In order to state a claim for a § 1986 violation, Plaintiff must first state a claim for a § 1985 violation. See McIntosh v. Ark. Republican Party-Frank White Election Comm., 766 F.2d 337, 340 (8th Cir. 1985). Section 1986, however, does not require that the defendants be part of the § 1985 conspiracy. See Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997). Finally, § 1986 contains a statute of limitations stating that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. This statute of limitations begins to run "at the time that a tortfeasor interferes with a victims [sic] rights." Peck v. United States, 470 F. Supp.

1003, 1018 (S.D.N.Y. 1979). Courts do recognize an exception to this rule where the injury was "inherently unknowable" or the defendant concealed its acts with the result of making the plaintiff unaware of their existence. Id. at 1018.

Upon consideration, Plaintiff is time-barred from bringing a § 1986 claim. Specifically, the allegedly false arrest and lack of a speedy trial occurred during 2003-2004. (Attached Docs., Doc. No. 1-7 at pp. 66-67). Plaintiff filed this cause of action in 2007, well outside the one year limitation period. Moreover, Plaintiff was apparently aware of these injuries. Thus, Plaintiff's § 1986 claim is time-barred.[5]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants State of Missouri, Board of Registration for the Healing Arts; State of Missouri, Department of Health & Senior Services; and State of Missouri, Missouri Physicians Health Program's Motion to Dismiss Plaintiff's Revised Amended Complaint (Doc. No. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Claims against Defendants State of Missouri, Board of Registration for the Healing Arts; State of Missouri, Department of Health & Senior Services; and State of Missouri, Missouri Physicians Health Program are **DISMISSED**.

Dated this 27th day of September, 2007.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE

---

[5] Even assuming that Plaintiff had timely filed his Complaint, his § 1986 claim still fails. Specifically, he fails to state a claim under § 1985(3), meaning no § 1986 cause of action can go forward. Additionally, he has not pled facts showing that State Defendants knew of, or neglected to prevent, any alleged conspiracy.