UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. KAMINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CV-1213 (JCH) |
| | ) | |
| STATE OF MISSOURI, STATE BOARD , | ) | |
| OF REGISTRATION FOR THE HEALING | ) | |
| ARTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant St. Louis County Prosecuting Attorney's

Office's Motion to Dismiss Plaintiff's Revised Amended Complaint (Doc. No. 97), filed September

14, 2007. Also before the Court is Defendants St. Louis County and St. Louis County Prosecuting

Attorney's Office's Motion to Incorporate their Original Motion to Dismiss (Doc. No. 106),[1] filed

September 19, 2007. The matters are fully briefed and ready for disposition.

## BACKGROUND

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic],

Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the

County of St. Louis, Missouri. (Compl., Doc. No. 1-1). Plaintiff's claims center on the events

---

[1]Aside from asserting that the new allegations in the Revised Amended Complaint must be
dismissed, this motion incorporates arguments from a previously filed motion to dismiss. (Doc. No.
11). As such, the Court treats this motion as a motion to dismiss Plaintiff's Revised Amended
Complaint.

surrounding the loss of his medical licenses. (Id.). Specifically, Plaintiff alleges that Defendants[2] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pp. 11-12). Apparently, a woman named Leann Lisa Ross heads this conspiracy. (Id. at p. 11). Plaintiff alleges that Defendants forced him to involuntarily plead guilty to a crime by using a "mind-controlling drug" on him. (Id. at p. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for suspending his medical licenses. (Id.).

In his Complaint, Plaintiff alleges that Defendants St. Louis County ("County") and St. Louis County Prosecuting Attorney's Office ("Prosecutor's Office") were part of this conspiracy. (Id. at pp. 11-12). He alleges that the County issued a warrant that caused his arrest in St. Clair County, Illinois. (Id. at p. 22). He believes that the proper remedy is for the Court to order the County to expunge his record. (Id. at p 47). In his Revised Amended Complaint, Plaintiff alleges that the Prosecutor's Office violated 42 U.S.C .§ 1985(3) and 42 U.S.C. § 1986 by denying him a speedy trial. (Rev. Am. Compl., Doc. No. 91 at p. 2). Furthermore, he alleges that the County and the Prosecutor's Office engaged in reverse discrimination by giving him "as many Negro judges and ... prosecutors ... as there was available." (Id. at p. 3). He also alleges that the St. Louis County Sheriff's office violated his *Miranda* rights. (Id. at p. 2). The Court interprets his Complaint as also alleging a Missouri state law civil conspiracy claim and a 42 U.S.C. § 1983 claim.

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). The Prosecutor's Office filed its motion to dismiss on September 14, 2007,

---

[2]Plaintiff named the following as Defendants: State of Missouri, Board of Registration for the Healing Arts; State of Missouri, Missouri Physicians Health Program; State of Missouri, Board of Narcotics and Dangerous Drugs; the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Administration ("DEA"); the Prosecutor's Office; the County; Saint Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and State of Missouri, Department of Health and Senior Services. (Compl., Doc. No. 1-1).

and the County incorporated by reference a previously filed motion to dismiss on September 19, 2007. (Mots. to Dismiss, Doc. No. 97, 106). The Prosecutor's Office asserts that it is not a suable entity. The County asserts that Missouri law prevents it from expunging Plaintiff's record. In support of this argument, the County filed a copy of his guilty plea to two counts of fraudulently obtaining or attempting to obtain a controlled substance. (Sentence & J., Doc. No. 1-7 at p. 31).[3] As a result of this plea, he received a two year suspended imposition of sentence. (Id. at p. 32).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept " the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I.       Plaintiff Cannot Sue the Prosecutor's Office

---

[3]Plaintiff actually attached these documents to his Complaint. (Attached Doc., Doc. No. 1-7 at p. 32-33). When ruling on a motion to dismiss, the Court generally does not consider any evidence outside the pleadings. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n. 4 (8th Cir. 2003).The Court, however, has discretion to considers exhibits attached to the complaint. Id. (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). The Court will exercise that discretion here.

As previously stated, Plaintiff names the Prosecutor's Office as a defendant. The Prosecutor's Office contends that it cannot be sued because it is a department of the County.

The Federal Rules of Civil Procedure require that all parties must have the capacity to sue and be sued. Fed. R. Civ. P. 17(b). To determine whether the Prosecutor's Office can be sued, the Court looks to state law. See Van Deelen v. City of Kansas City, 411 F. Supp. 2d 1105, 1118 (W.D. Mo. 2006). If the Court determines that the Prosecutor's Office cannot be sued under state law, then it cannot be sued in federal court. Id.

Missouri applies the rule "that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments." Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Specifically, the Missouri Supreme Court holds that:

> The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.

See id. (quoting Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kansas City, 227 S.W. 114, 116 (Mo. 1920). Missouri has expressly stated that a prosecuting attorney is authorized to "defend all suits against the state or county." Mo. Rev. Stat. § 56.060.1. Furthermore, a prosecuting attorney shall represent "generally the county in all matters of law" and "investigate all claims against the county." Id. at § 56.070.1.; see id. at § 56.640 (creating similar powers for a county counselor).

Although federal courts in Missouri have not applied this rule to a prosecuting attorney's office, they have applied it to other local government departments. One court found that a city personnel department is "an integral part" of a city government and "merely an administrative arm whereby employment functions are performed." See Mo. ex rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979). Similarly, a city water department is not a suable entity under Missouri law.

<u>Spinks v. City of St. Louis Water Div.</u>, 176 F.R.D. 572, 573 (E.D. Mo. 1997). A more recent decision found that a county sheriff's department lacks the capacity to be sued under Missouri law. <u>Catlett</u>, 299 F. Supp. 2d at 968.

Upon consideration, Plaintiff cannot sue the Prosecutor's Office because it does not have the capacity to be sued under Missouri law. As opposed to being its own entity, the Prosecutor's Office is an integral part of the County that functions as an administrative arm whereby the County exercises its legal rights. The Prosecutors's Office only has the power to sue  and defend the County. Mo. Rev. Stat. § 56.060.1. It has no power to sue or be sued on its on behalf. <u>Id.</u> In short, the Court sees no reason to treat the Prosecutor's Office differently than a county sheriff's department, city personnel department, or city water department. As such, the Prosecutor's Office will be dismissed.

**II.    <u>The County Cannot Expunge His Record</u>**

Plaintiff alleges that the County must expunge his criminal record because his convictions were illegally obtained. The County responds that Missouri law prevents his record's expungement.

Missouri has enacted a statute to govern the expungement of a person's arrest records. The statute states:

> Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on false information and the following conditions exist:
>
> (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
>
> (2) No charges will be pursued as a result of the arrest;
>
> (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;
>
> (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and

> (5) No civil action is pending relating to the arrest or the records sought to be expunged.

Mo. Rev. Stat. § 610.122. No other method for expunging a criminal record exists because Missouri courts have no "legal or equitable authority to close or expunge any arrest record." Id. at § 610.126.2. Furthermore, the Missouri Supreme Court has upheld the validity of § 610.122. In re Dyer, 163 S.W.3d 915, 919-21 (Mo. 2005).

Upon consideration, neither the County nor any other named Defendant can expunge Plaintiff's record because he does not fulfill the requirements of § 610.122. Specifically, he received a suspended imposition of sentence, meaning he fails to satisfy § 610.122(4). See Wesley v. Crestwood Police Dep't, 148 S.W.3d 838, 840 (Mo. Ct. App. 2004) (holding a person is not entitled to expungement if he receives a suspended imposition of sentence). As such, this claim is denied.

## III.  The Remaining Claims against the County

The County also urges the Court to dismiss all of the remaining claims against it because it is not referenced in the Revised Amended Complaint.

Upon consideration, the Court cannot dismiss the County because it fail to address Plaintiff's other claims, namely that it is part of a civil conspiracy and that it violated 42 U.S.C. §§ 1983, 1985 (3), 1986. Although the County correctly asserts that the Revised Amended Complaint never explicitly references it, Plaintiff does allege that the St. Louis County Sheriff's Office and St. Louis County Prosecuting Attorney's Office violated his civil rights. At a minimum, these references are construed as allegations against the County.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County Prosecuting Attorney's Office's Motion to Dismiss (Doc. No. 97) is **GRANTED** and Plaintiff's claims against it are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant St. Louis County's Motion to Incorporate by Reference its Previous Motion to Dismiss (Doc. No. 106) is **GRANTED** in part and **DENIED** in part.

Dated this 5th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE