UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Forest Park Hospital's Motion to Dismiss Plaintiff's Revised Amended Complaint (Doc. No. 101), filed on September 17, 2007. Plaintiff has not responded to this motion.

In a previous order, the Court set out the background surrounding Plaintiff's claims against Defendant (Order of Aug. 29, 2007, Doc. No. 82). In that order, the Court dismissed all of Plaintiff's claims against Defendant except for his civil trespass claim. (Id.). In its motion to dismiss, Defendant argues that Plaintiff fails to state a trespass claim. (Doc. No. 101). Specifically, Defendant asserts that Plaintiff failed to allege damages, that the trespass "subtracted from the use of" his property, and that he is the true owner of the property. (Memo. in Supp., Doc. No. 102).

Trespass is "an invasion of the interest in the exclusive possession of land" and is an intentional tort. Peoples Gas Light & Coke Co. v. Joel Kennedy Constructing Corp., 829 N.E.2d 866, 945-46 (Ill. App. Ct. 2005). A person is liable for an intentional intrusion on land irrespective of whether he causes harm to a legally protected interest. Livers, 6 F. Supp. 2d at 936. In a trespass

action, compensatory damages can be awarded for actual or substantial injury to realty and are generally measured by the difference in the fair market value of the property before and after the trespass. Rodrian v. Seiber, 551 N.E.2d 772, 774 (Ill. App. Ct. 1990). Nominal compensatory damages can be awarded when no actual or substantial injury has been alleged or proved, since the law infers some damage from the unauthorized entry of land. Gavcus v. Potts, 808 F.2d 596, 598 (7th Cir.1986). Additionally, Plaintiff cannot recover damages for mental anguish or emotional distress unless they are accompanied by physical symptoms. Livers, 6 F. Supp. 2d at 937.

Upon consideration, the Court finds that Plaintiff alleges a civil trespass claim because each of Defendant's three arguments is unpersuasive. First, Defendant relies on Geller v. Brownstone Condominium Ass'n, 402 N.E.2d 807 (Ill. Ct. App. 1980) for the proposition that trespass is only actionable where there is a subtraction from the owner's use of the property. This proposition, however, is limited to the unusual facts of that case, which involved a trespass into the airspace over a property. Rather, the general rule that trespass liability can attach irrespective of the harm to a legally protected interest still applies, meaning that Plaintiff still states a claim.

Next, Defendant asserts that Plaintiff's failure to allege damages is fatal to his trespass claim. The Court disagrees because Plaintiff can still recover nominal damages, even though he has failed to allege actual damages.

Finally, Defendant asserts that Plaintiff's claim must be dismissed because he fails to allege that he is the true owner of the property. The Court, however, has already interpreted Plaintiff's Complaint as alleging that he owns the property in question. (Doc. No. 82).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Forest Park Hospital's Motion to Dismiss (Doc. No. 101) is **DENIED**.

Dated this 10th day of October, 2007.

                                                      /s/ Jean C. Hamilton
                                                      UNITED STATES DISTRICT JUDGE