UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendants Drug Enforcement Administration ("DEA"), David J. White ("White"), Pete Kleissle ("Kleissle"), Mike Otten ("Otten") and Chris Ebner's ("Ebner") (collectively "DEA Defendants") Motion to Dismiss (Doc. No. 104), filed September 17, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the County of St. Louis, Missouri. (Compl., Doc. No. 1-1). Plaintiff's claims center on the events surrounding the loss of his medical licenses. (Id.). Specifically, Plaintiff alleges that Defendants[1]

---

[1]Plaintiff named the following as Defendants: State of Missouri, Board of Registration for the Healing Arts; State of Missouri, Missouri Physicians Health Program; State of Missouri, Board of Narcotics and Dangerous Drugs; the Federal Bureau of Investigation ("FBI"); DEA; the St. Louis County Prosecuting Attorney's Office; St. Louis County; Saint Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and State of Missouri, Department of Health and Senior Services. (Compl., Doc. No. 1-1).

- 1 -

engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug. (Id. at pp. 11-12). Apparently, a woman named Leann Lisa Ross heads this conspiracy. (Id. at p. 11). Plaintiff alleges that Defendants forced him to involuntarily plead guilty to a crime by using a "mind-controlling drug" on him. (Id. at p. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for suspending his medical licenses. (Id.).

Plaintiff makes numerous claims against DEA Defendants. First, he claims that they participated in the malicious prosecution of him in St. Clair County, Illinois. (Id. at p. 10). Next, he claims that they "threatened and coerced" him because he was "improperly being told to prescribe himself a 'weight loss drug.'" (Id. at p. 12). He alleges that Kleissle and Otten arrested him, handcuffed him in a painful way, placed him in an "extremely hot" Illinois state police car, and transported him to Monroe County, Illinois Jail. (Id. at pp. 20-21). He alleges that, while at the jail, he was not given an attorney or a phone call. (Id. at p. 21) Moreover, he was forced to sign a voluntary waiver and warning form and to surrender his DEA registration number. (Id.). He claims that "some months" after his first arrest, Kleissle and Otten again arrested him and held him at the St. Clair County, Illinois Jail on a St. Louis County, Missouri warrant that "was not ready yet." (Id. at p. 22). He also alleges that he was kept in a federal holding cell in St. Clair County, Illinois for over a week without being charged with any crimes. (Id.). Finally, he alleges that White harassed him when he tried to obtain a DEA registration number. (Id. at pp. 34-35).

On September 7, 2007, Plaintiff filed his Revised Amended Complaint, which contained new causes of action against DEA Defendants and incorporated the allegations in his original Complaint. (Doc. No. 91). The Revised Amended Complaint alleges that DEA Defendants violated 42 U.S.C. § 1985 (3), and its companion statute 42 U.S.C. § 1986, by participating in a conspiracy to deprive him of his First, Fifth, Sixth, and Fourteenth Amendment rights. (Revised Am. Compl., Doc. No. 92

at p. 2). The Court interprets his Revised Amended Complaint as alleging the following claims against DEA Defendants: violation of § 1985(3) and § 1986; unlawful seizure; failure to read him his *Miranda* warning; civil conspiracy; malicious prosecution; false arrest; false imprisonment; and abuse of process.

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). DEA Defendants filed their motion to dismiss on September 17, 2007. (Doc. No. 105). DEA Defendants assert that Plaintiff's common law claims are precluded by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") and that DEA Defendants have not consented to being sued in their official capacity for constitutional torts. (Doc. No. 106). Moreover, Otten, White, Kleissle, and Ebner claim they are entitled to qualified immunity. (Id.). Finally, they assert that Plaintiff has not alleged a conspiracy to support his § 1985(3) and § 1986 claims. (Id.). Plaintiff responds that he has alleged a conspiracy and that neither sovereign immunity nor qualified immunity is applicable to this case. (Resp., Doc. No. 111).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the

Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

I.   **Plaintiff's Common Law Claims**

As previously stated, Plaintiff alleges a variety of common law tort claims[2] against the DEA Defendants. In their motion to dismiss, DEA Defendants contend that the FTCA requires that the United States be substituted as the defendant because the individually named Defendants were acting in the course and scope of their employment and the DEA is immune from suit.

The doctrine of sovereign immunity bars any suit against the United States, its agencies, or its officers acting in their official capacities, unless Congress has specifically consented to waive such immunity. See Wittmann v. United States, 869 F. Supp. 726, 729 (E.D. Mo. 1994). Congress has waived sovereign immunity under the Federal Tort Claims Act claims. See 28 U.S.C. § 1346(b). The FTCA, however, precludes a federal agency from being sued under it. See Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Moreover, the FTCA precludes suit against individual federal employees that were acting in the course and scope of their employment. 28 U.S.C. § 2679(b)(1). Rather, upon certification by the Attorney General, or his designate, that the federal employee was acting in the course and scope of his employment, the United States is substituted as the party defendant. Id. at § 2679(d)(1); Brown v. Armstrong, 949 F.2d 1007, 1010-12 (8th Cir. 1991).

Here, the United States Attorney, who is a designate of the Attorney General, has filed a certification that the individually named Defendants were acting in the course and scope of their employment.[3] As such, Otten, White, Kleissle, and Ebner are entitled to absolute immunity with

---

[2]Civil conspiracy, malicious prosecution, false arrest, false imprisonment, and abuse of process.

[3]This certification is treated as prima facie evidence that the employee was acting within the scope and course of his employment. Brown, 949 F.2d at 1012. Thus, the burden of altering the

regard to Plaintiff's common law tort claims. Similarly, the DEA has absolute immunity from these tort claims because it is an agency of the United States. Finally, § 2679 requires the Court to substitute the United States as the party defendant for these claims.

The substitution of the United States, however, does not end the Court's inquiry into whether Plaintiff's FTCA claims are properly before the Court. The FTCA is a limited waiver of sovereign immunity which "requires compliance with conditions enacted by Congress." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). One such condition is that before a party may file a lawsuit, he must have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Daniels v. United States, 135 Fed. Appx. 900, 901 (8th Cir. 2005) (quoting 28 U.S.C. § 2675(a)). Moreover, the presentment of an administrative claim is "jurisdictional and must be pleaded and proved by the FTCA claimant." Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (quoting Bellecourt, 994 F.2d at 430).

Here, Plaintiff has failed to plead and prove that he has presented his FTCA claims to the proper Federal agency. As such, the Court will dismiss his FTCA claims against the United States.

## II.   Plaintiff's Constitutional Tort Claims

As previously stated, Plaintiff has alleged that DEA Defendants committed two constitutional torts against him. DEA Defendants respond that the Court has no jurisdiction over these claims.

### A.   Claims Regarding DEA Defendants Acting in their Official Capacities

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that a plaintiff can bring a cause of action directly under the United States Constitution against a federal official acting in his individual capacity for violations of

---

status quo is on the plaintiff, who must come forward "with specific facts rebutting the government's scope of employment certification." Id. Here, Plaintiff has not come forward with any such evidence.

constitutionally protected rights. See Buford v. Runyon, 160 F.3d 1199, 1203 n. 6 (8th Cir. 1998). *Bivens* actions, however, cannot be prosecuted against the United States or its agencies because of sovereign immunity. Id. at 1203. Similarly, federal employees sued in their official capacities have sovereign immunity from *Bivens* actions. See id.; Phelps v. United States, 15 F.3d 735 (8th Cir. 1994); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001) (holding a *Bivens* claim is not cognizable against a federal employee in his official capacity).

Here, Plaintiff's Response admits that he is alleging constitutional torts claims against DEA Defendants in their official capacities. (Resp., Doc. No. 111 at p. 6). As stated above, a *Bivens* action is not cognizable against federal employees in their official capacities and federal agencies due to sovereign immunity. As such, his *Bivens* claims are dismissed to the extent that the Complaint alleges that the DEA Defendants committed constitutional torts in their official capacities.

### B. Claims Regarding DEA Defendants Acting in Their Personal Capacity.

Plaintiff's Response also seemingly asserts that he is making a claim against Otten, White, Kleissle, and Ebner in their personal capacities. (Resp., Doc. No. 112 at p. 9). DEA Defendants contend that Plaintiff fails to state a claim and that they have qualified immunity.

#### 1. Failure to State a Claim

DEA Agents first argue that Plaintiff fails to state a claim against any of them. Specifically, the Complaint merely alleges that White "harassed" him. (Compl. at pp. 34-35). His only allegations against Ebner are that Ebner, along with Otten and Kleissle "jumped out of their car, guns in hand ... and arrested" him and that Ebner helped question him at the police station. (Id. at p. 22). He also alleges that Otten and Kleissle illegally seized him, in violation of the Fourth Amendment, on two occasions. (Id. at pp. 21-22). Plaintiff has attached documentary evidence regarding these arrests to

his complaint. (Doc. No. 1-7 at pp. 1, 14-20, 26-28). These documents show[4] that Plaintiff was arrested on May 15, 2002 after the Missouri Bureau of Narcotics and Dangerous Drugs informed them that Plaintiff had written fraudulent prescriptions for himself. (Id. at p. 14). The documents also show that Otten and Kleissle arrested Plaintiff in September 2002 after learning of an active warrant for his arrest in St. Louis County, Missouri. (Id. at p. 26).

To state a claim that a seizure violated the Fourth Amendment, Plaintiff must allege that he was seized and that the seizure was unreasonable. Hawkins v. City of Farmington, 189 F.3d 695, 701-02 (8th Cir. 1999) (discussing 42 U.S.C. § 1983 liability)[5]. Moreover, reasonableness of the seizure is determined on "the totality of the circumstances and is to be judged from the perspective of a reasonable officer on the scene without regard to underlying intent or motivation." Id.

Here, Plaintiff fails to allege that his seizure was unreasonable because the documents he filed with the Complaint show that ample reason existed for his arrest. Specifically, DEA Defendants learned from a state agency that he was obtaining fraudulent prescriptions and that he was the subject of an active warrant. As such, he fails to allege facts showing that his seizures were unreasonable. Additionally, Plaintiff has not alleged sufficient facts to state a claim for relief against White and Ebner that is plausible on its face. Merely alleging that White harassed him does not satisfy the "plausibility" standard now required by the United States Supreme Court. Similarly, his allegations that Ebner was present at his arrest do not state a claim for a constitutional violation.

---

[4]When ruling on a motion to dismiss, the Court generally does not consider any evidence outside the pleadings. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n. 4 (8th Cir. 2003).The Court, however, has discretion to considers exhibits attached to the complaint. Id. (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). The Court will exercise that discretion here.

[5]The Eight Circuit has recognized that the § 1983 body of law applies to *Bivens* actions. See Whitemore v. Harrington, 204 F.3d 784, 784 (8th Cir. 2000) (citing Duffy v. Wolle, 123 F.3d 1026, 1037 (8th Cir. 1997)).

### 2. **Additional *Bivens* Claims Not Cognizable**

Plaintiff also alleges that DEA Defendants violated his Fifth Amendment rights by not reading him his *Miranda* warning and by forcing him to involuntary sign statements against his will. (Resp. at p. 13). The Court interprets his second claim as alleging an unconstitutional conviction and imprisonment.

The Eighth Circuit holds that a failure to read *Miranda* warnings cannot support a § 1983 claim. Hannon v. Sanner, 441 F.3d 635, 636-37 (8th Cir. 2006); See Whitemore, 204 F.3d at 784 (holding § 1983 body of law applies to *Bivens* action). Similarly, the Supreme Court holds that a plaintiff cannot recover damages for an alleged unconstitutional conviction or imprisonment or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless a plaintiff shows that his sentence has been previously invalidated, meaning "reversed on direct appeal, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (quoting Heck v. Humphrey, 512 U.S. 477 (1994)); see Washington v. Sorrows, No. 96-4236, 1997 WL 71670, at * 1 (8th Cir. Feb. 21, 1997). Based on these principles, Plaintiff's *Miranda* claim is not cognizable. Similarly, his claims of being threatened and coerced, if true, would cause his convictions to be invalidated. As such, these claims are not cognizable *Bivens* actions and must be dismissed.

### III. **42 U.S.C. § 1985 Claim**[6]

Plaintiff alleges that DEA Defendants violated federal law by partaking in a conspiracy to deprive him of his civil rights. (Revised Am. Compl., Doc. No. 91). He alleges that the St. Louis

---

[6]DEA Defendants assert that Plaintiff has alleged a 42 U.S.C. § 1983 cause of action against it. The Court disagrees. Plaintiff only attempts to allege a § 1985 and § 1986 actions.

County Sheriff and the DEA violated his First and Fifth Amendment rights by failing to read him his *Miranda* warning. (Id.). He alleges that the St. Louis County Prosecuting Attorney's Office violated his Sixth and Fourteenth Amendment rights by failing to give him a speedy trial. (Id. at pp. 2-3). Finally, he alleges that he was a victim of "reverse discrimination."(Id. at p. 3).

42 U.S.C. § 1985(3) proscribes both public and private conspiracies to a deprive person of his constitutionally protected civil rights. Griffin v. Breckenridge, 403 U.S. 88, 91 (1971). In order to make a viable claim under § 1985(3), a plaintiff must allege (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive him, either directly or indirectly, of his civil rights; (3) that a conspirator did act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to the person or property or the deprivation of a civil right. Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). To satisfy the conspiracy element, conclusory allegations will not suffice. Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992). Plaintiff must plead specific facts that show a "meeting of the minds" among the alleged conspirators. Id.; see also City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) (holding "the plaintiff must allege with particularity ... that the defendants reached an agreement.").

Upon consideration, Plaintiff has failed to plead facts showing a conspiracy existed. His pleadings, even when construed liberally, fail to allege specific facts showing a meeting of the minds between DEA Defendants to engage in a conspiracy to violate his civil rights. Rather, the pleadings contain conclusory allegations and assertions about the impropriety of DEA Defendant's actions. See Snelling, 972 F.2d at 200 (stating conclusory allegations will not suffice); see also Stone v. Harry, 364 F.3d 914-15 (8th Cir. 2004) (holding that although the court construes pro se complaints liberally, it is not required to assume facts not alleged or to construct legal theory that assumes facts

not pleaded). Because these allegations do not support a colorable conspiracy claim, Plaintiff's § 1985(3) claim fails.

**IV.     42 U.S.C. § 1986 Claim**

Plaintiff also alleges that DEA Defendants knew of the conspiracy against him and failed to prevent it. DEA Defendants respond that Plaintiff cannot state a claim under § 1986.

42 U.S.C. § 1986, a companion statute to § 1985, allows an action against a party who knows that a § 1985 deprivation will occur, has the power to prevent it, and fails to do so. Rogers v. Mount Union Borough, 816 F. Supp. 308, 314 (M.D. Pa. 1993). In order to state a claim for a § 1986 violation, Plaintiff must first state a claim for a § 1985 violation. See McIntosh v. Ark. Republican Party-Frank White Election Comm., 766 F.2d 337, 340 (8th Cir. 1985). Section 1986, however, does not require that the defendants be part of the § 1985 conspiracy. See Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997). Finally, § 1986 contains a statute of limitations stating that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. This statute of limitations begins to run "at the time that a tortfeasor interferes with a victims [sic] rights." Peck v. United States, 470 F. Supp. 1003, 1018 (S.D.N.Y. 1979). Courts do recognize an exception to this rule where the injury was "inherently unknowable" or the defendant concealed its acts with the result of making the plaintiff unaware of their existence. Id. at 1018.

Upon consideration, Plaintiff is time-barred from bringing a § 1986 claim. The alleged false arrest and lack of a speedy trial occurred during 2003-2004. (Attached Docs., Doc. No. 1-7 at pp.

66-67). Plaintiff filed this cause of action in 2007, well outside the one year limitation period. Moreover, Plaintiff knew of these injuries. Thus, Plaintiff's § 1986 claim is time-barred.[7]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Drug Enforcement Administration, David J. White, Pete Kleissle, Mike Otten, and Chris Ebner's Motion to Dismiss (Doc. No. 104) is **GRANTED** and Plaintiff's claims against these Defendants are **DISMISSED**.

Dated this 11th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] Even assuming that Plaintiff had timely filed his Complaint, his § 1986 claim still fails. He fails to state a claim under § 1985(3), meaning no § 1986 cause of action can go forward. Additionally, he has not pled facts showing that DEA Defendants knew of, or neglected to prevent, any alleged conspiracy.