UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1213 (JCH) |
| ) | |
| STATE OF MISSOURI, STATE BOARD ) | |
| OF REGISTRATION FOR THE HEALING ) | |
| ARTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendants Federal Bureau of Investigation ("FBI") and Roland Covington's ("Covington") Motion to Dismiss (Doc. No. 108), filed September 21, 2007. Plaintiff has filed a response.

## BACKGROUND

On May 30, 2007, Plaintiff filed his "Complaint for Immediate Deculatory [sic], Compensatory, Punitive, Administrative, and Post-Conviction Relief" in the Circuit Court for the County of St. Louis, Missouri. (Compl., Doc. No. 1-1). Plaintiff's claims center on the events surrounding the loss of his medical licenses. (Id.). Specifically, Plaintiff alleges that Defendants[1] engaged in a conspiracy to falsely arrest him for prescribing himself phentermine, a weight loss drug.

---

[1] Plaintiff named the following as Defendants: State of Missouri, Board of Registration for the Healing Arts; State of Missouri, Missouri Physicians Health Program; State of Missouri, Board of Narcotics and Dangerous Drugs; the FBI; the Drug Enforcement Administration ("DEA"); the St. Louis County Prosecuting Attorney's Office; St. Louis County; Saint Louis University School of Medicine; Forest Park Hospital; Walgreen Co.; Centers for Medicaid and Medicare Services; the St. Louis Post-Dispatch; and State of Missouri, Department of Health and Senior Services. (Compl., Doc. No. 1-1).

(Id. at pp. 11-12). Apparently, a woman named Leann Lisa Ross ("Ross") heads this conspiracy. (Id. at p. 11). Plaintiff alleges that Defendants forced him to involuntarily plead guilty to a crime by using a "mind-controlling drug" on him. (Id. at p. 5). Finally, he alleges that Defendants used this false arrest and conviction as a pretext for suspending his medical licenses. (Id.).

Plaintiff makes numerous allegations against the FBI and Covington ("FBI Defendants") in his Complaint. He alleges that the FBI partook in an illegal investigation of him. (Id. at pp. 10-11). He alleges the FBI has abused, threatened, and coerced him for years. (Id. at p. 12). For example, the FBI "harassed and bothered him" in Kansas City because Covington told them to do so. (Id. at p. 31). He further alleges the Covington made harassing phone calls to him in 1988. (Id.). In sum, he alleges a pattern of harassment by the FBI beginning in 1988 and ending in approximately 2004. (See generally, id.).

On September 7, 2007, Plaintiff filed his Revised Amended Complaint, which contained new causes of action against some Defendants and incorporated the allegations in his original Complaint. (Doc. No. 91). The Revised Amended Complaint alleges that "the federal government" violated 42 U.S.C. § 1985 (3), and its companion statute 42 U.S.C. § 1986, by participating in a conspiracy to deprive him of his First, Fifth, Sixth, and Fourteenth Amendment rights. (Revised Am. Compl., Doc. No. 92 at p. 2). The Court interprets his Revised Amended Complaint as alleging the following claims against FBI Defendants: violation of § 1985(3) and § 1986; civil conspiracy; malicious prosecution; and abuse of process.

The FBI and DEA removed the cause of action to this Court on July 3, 2007. (Notice of Removal, Doc. No. 1). On September 21, 2007, FBI Defendants filed their motion to dismiss. (Doc. No. 108). They assert that Plaintiff's common law claims are precluded by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") and that they have not consented to being sued in their

official capacity for constitutional torts.[2] (Doc. No. 106). Finally, they assert that Plaintiff has not alleged a conspiracy to support his § 1985(3) and § 1986 claims. (Id.). Plaintiff responds that he has alleged a conspiracy and that sovereign immunity is inapplicable to this case. (Resp., Doc. No. 115).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. **Plaintiff's Common Law Claims**

As previously stated, Plaintiff alleges a variety of common law tort claims against FBI Defendants. They contend that the FTCA requires that the United States be substituted as the defendant because Covington was acting in the course and scope of his employment and the FBI is immune from suit.

---

[2]After reviewing Plaintiff's Revised Amended Complaint, the Court cannot find any specific allegations that FBI Defendants partook in any constitutional torts. As such, the Court will not address FBI Defendants arguments regarding constitutional torts.

The doctrine of sovereign immunity bars any suit against the United States, its agencies, or its officers acting in their official capacities, unless Congress has specifically consented to waive such immunity. See Wittmann v. United States, 869 F. Supp. 726, 729 (E.D. Mo. 1994). Congress has waived sovereign immunity under the Federal Tort Claims Act claims. See 28 U.S.C. § 1346(b). The FTCA, however, precludes a federal agency from being sued under it. See Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Moreover, the FTCA precludes suit against individual federal employees that were acting in the course and scope of their employment. 28 U.S.C. § 2679(b)(1). Rather, upon certification by the Attorney General, or his designate, that the federal employee was acting in the course and scope of his employment, the United States is substituted as the party defendant. Id. at § 2679(d)(1); Brown v. Armstrong, 949 F.2d 1007, 1010-12 (8th Cir. 1991).

Here, the United States Attorney, who is a designate of the Attorney General, has filed a certification that Covington was acting in the course and scope of his employment.[3] (Memo. in Supp., Doc. No. 109 at Ex. D). As such, Covington is entitled to absolute immunity with regard to Plaintiff's common law tort claims. Similarly, the FBI has absolute immunity from these tort claims because it is an agency of the United States. Finally, § 2679 requires the Court to substitute the United States as the party defendant for these claims.

The substitution of the United States, however, does not end the Court's inquiry into whether Plaintiff's FTCA claims are properly before the Court. The FTCA is a limited waiver of sovereign immunity which "requires compliance with conditions enacted by Congress." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). One such condition is that before a party may file a

---

[3]This certification is treated as prima facie evidence that the employee was acting within the scope and course of his employment. Brown, 949 F.2d at 1012. Thus, the burden of altering the status quo is on the plaintiff, who must come forward "with specific facts rebutting the government's scope of employment certification." Id. Here, Plaintiff has not come forward with any such evidence.

lawsuit, he must have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Daniels v. United States, 135 Fed. Appx. 900, 901 (8th Cir. 2005) (quoting 28 U.S.C. § 2675(a)). Moreover, the presentment of an administrative claim is "jurisdictional and must be pleaded and proved by the FTCA claimant." Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (quoting Bellecourt, 994 F.2d at 430).

Here, Plaintiff has failed to plead and prove that he has presented his FTCA claims to the proper Federal agency. As such, the Court will dismiss his FTCA claims against the United States.

## II.     42 U.S.C. § 1985 Claim[4]

Plaintiff alleges that FBI Defendants violated federal law by partaking in a conspiracy to deprive him of his civil rights. (Revised Am. Compl., Doc. No. 91). These alleged civil rights deprivations include the St. Louis County Sheriff and the DEA failing to read him his *Miranda* warning and the St. Louis County Prosecuting Attorney's Office failing to give him a speedy trial. (Id. at pp. 2-3). Finally, he alleges that he was a victim of "reverse discrimination."(Id. at p. 3).

42 U.S.C. § 1985(3) proscribes both public and private conspiracies to deprive a person of his constitutionally protected civil rights. Griffin v. Breckenridge, 403 U.S. 88, 91 (1971). In order to make a viable claim under § 1985(3), a plaintiff must allege (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive him, either directly or indirectly, of his civil rights; (3) that a conspirator did act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to the person or property or the deprivation of a civil right. Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). To satisfy the conspiracy element, conclusory allegations will not suffice. Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992).

---

[4] FBI Defendants assert that Plaintiff has alleged a 42 U.S.C. § 1983 cause of action against it. The Court disagrees. Plaintiff only attempts to allege a § 1985 and § 1986 actions.

Plaintiff must plead specific facts that show a "meeting of the minds" among the alleged conspirators. Id.; see also City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) (holding "the plaintiff must allege with particularity ... that the defendants reached an agreement.").

Upon consideration, Plaintiff has failed to plead facts showing a conspiracy existed. His pleadings, even when construed liberally, fail to allege specific facts showing a meeting of the minds between FBI Defendants to engage in a conspiracy to violate his civil rights. Rather, the pleadings contain conclusory allegations and assertions about the impropriety of FBI Defendant's actions. See Snelling, 972 F.2d at 200 (stating conclusory allegations will not suffice); see also Stone v. Harry, 364 F.3d 914-15 (8th Cir. 2004) (holding that although the court construes pro se complaints liberally, it is not required to assume facts not alleged or to construct legal theory that assumes facts not pleaded). Because these allegations do not support a colorable conspiracy claim, Plaintiff's § 1985(3) claim fails.

### III. 42 U.S.C. § 1986 Claim

Plaintiff also alleges that FBI Defendants knew of the conspiracy against him and failed to prevent it. FBI Defendants respond that Plaintiff cannot state a claim under § 1986.

42 U.S.C. § 1986, a companion statute to § 1985, allows an action against a party who knows that a § 1985 deprivation will occur, has the power to prevent it, and fails to do so. Rogers v. Mount Union Borough, 816 F. Supp. 308, 314 (M.D. Pa. 1993). In order to state a claim for a § 1986 violation, Plaintiff must first state a claim for a § 1985 violation. See McIntosh v. Ark. Republican Party-Frank White Election Comm., 766 F.2d 337, 340 (8th Cir. 1985). Section 1986, however, does not require that the defendants be part of the § 1985 conspiracy. See Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997). Finally, § 1986 contains a statute of limitations stating that "no

action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. This statute of limitations begins to run "at the time that a tortfeasor interferes with a victims [sic] rights." Peck v. United States, 470 F. Supp. 1003, 1018 (S.D.N.Y. 1979). Courts do recognize an exception to this rule where the injury was "inherently unknowable" or the defendant concealed its acts with the result of making the plaintiff unaware of their existence. Id. at 1018.

Upon consideration, Plaintiff is time-barred from bringing a § 1986 claim. The alleged false arrest and lack of a speedy trial occurred during 2003-2004. (Attached Docs., Doc. No. 1-7 at pp. 66-67). Plaintiff filed this cause of action in 2007, well outside the one year limitation period. Moreover, Plaintiff knew of these injuries. Thus, Plaintiff's § 1986 claim is time-barred.

## IV. The Court Cannot Dismiss the FBI.

Plaintiff alleges that Ross and Mike Myers ("Myers") are both FBI agents. (Compl., Doc. No. 1-1 at pp. 12, 30). The FBI asserts that it does not need to address the claims against Ross and Myers because they are not employees of the FBI. (Memo. in Supp., Doc. No. 109 at p. 2). The FBI has filed two affidavits to support this assertion. (Id. at Ex. A, B).

The Federal Rules of Civil Procedure do not allow this Court to consider matters outside the pleadings when ruling on a motion to dismiss. Fed. R. Civ. P. 12(b). Instead, the Court treats this portion of the FBI's motion as a motion for summary judgment. Id. The Court must give "all parties ... reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Id. Thus, the Court will hold in abeyance the issue of Myers and Ross' employment status with the FBI to allow Plaintiff a "reasonable opportunity" to present his evidence. As such, the Court cannot dismiss the claims against the FBI until it resolves this issue.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Federal Bureau of Investigation and Roland Covington's Motion to Dismiss **GRANTED** in part and **HELD IN ABEYANCE** in part.

**IT IS FURTHER ORDERED** that Plaintiff may submit materials regarding Mike Myers and Leann Lisa Ross' employment status with the FBI until **Friday, November 30, 2007**.

Dated this 31st day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE